Mr. Gary Alan Vorbeck Hardee County Attorney 207 East Magnolia Street Arcadia, Florida 34266
Mr. Jeff McKibben, Chairman Hardee County Indigent Health Care Special District 412 West Orange Street Wauchula, Florida 33873-2867
Dear Mr. Vorbeck and Mr. McKibben:
On behalf of Hardee County and the Hardee County Indigent Health Care Special District, you jointly ask substantially the following question:
May the Hardee County Board of County Commissioners amend its indigent health care ordinance to remove the limitation placed upon the indigent health care special district that indigent health care services may only be provided at the acute care hospital facility located in Hardee County?
In sum:
Subject to approval by the electorate, the Board of County Commissioners may amend its ordinance to remove the limitation placed upon the indigent health care special district restricting where indigent health care services may be provided.
Section 154.331, Florida Statutes, authorizes the creation of county indigent health care districts by county ordinance subject to approval by the electorate. Pursuant to the authority granted by section 154.331, Hardee County in 1993 established the Hardee County Indigent Care Special District as an independent special district to "provide for the health care of qualified indigent patients residing in Hardee County through the purchase or reimbursement of inpatient, outpatient and emergency medical services for said indigent patients. . . ."[1] Two members of the district's governing board are appointed by the Governor and the other three members of the five-member board are appointed by the Hardee County Board of Commissioners.[2]
The Hardee County ordinance, as adopted in 1993, limits the special district's powers by providing that
"(1) said services shall only be purchased from a provider who has been approved by the Hardee County Board of County Commissioners; and
(2) said services are provided to qualified indigent patients at the acute care hospital facility located in Hardee County, formerly known as Hardee Memorial Hospital, by the owner, lessee, operator or managing company of said facility; or
(3) at any other out-of-county inpatient or outpatient acute care hospital approved by the Hardee County Board of County Commissioners which is owned, leased, operated or managed by the same owner, lessee, operator or managing company of the Hardee acute care hospital facility referenced above, and to which a qualified indigent patient had been transferred or referred from the acute care hospital facility in Hardee County or referred by the patient's treating physician, provided, the acute care hospital facility in Hardee County does not at that time provide the same or similar services. . . ."[3]
According to your letter, the county is considering amending the ordinance to allow reimbursement of health care costs to indigents in Hardee County without regard to the facility or provider operating the facility, provided the facility and provider have been approved by the Board of County Commissioners. Section154.331(2)(a), Florida Statutes, however, provides:
"Each district health or mental health care board may, subject to the limitations placed on the district by the governing body of the county at the time the independent special district was created and approved by the electorate, have any or all of the following powers or functions. . . ." (e.s.)
The statute is silent as to whether the governing body of the county may subsequently amend the ordinance to relieve the special district of a limitation that was placed on the district when it was created.[4]
While the health care district, as an independent special district, is a distinct and independent entity from the county, section 154.331, Florida Statutes, grants the county the authority not only to create the special district but also to dissolve it, subject to the approval of the electorate.[5] Thus, the governing body of the county may create the district, prescribe limitations on its powers, and dissolve the district. Common sense would dictate that the county possessing such powers would have the authority to amend its enabling ordinance to remove a limitation it placed upon the district. However, as both the creation and dissolution of the special district require that the county ordinance be approved by the electorate, I am of the view that an ordinance seeking to remove a limitation contained in the district's enabling ordinance should also be approved by the electorate.
Accordingly, until this matter is clarified by the Legislature or the courts, I am of the opinion that subject to approval by the electorate, the Board of County Commissioners may amend its indigent health care ordinance to remove the limitation placed upon the special district to provide indigent health care services only at the acute care hospital facility located in Hardee County, but such amendment must be approved by the electorate of Hardee County.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 11, Hardee County Ordinance No. 93-03. And see, s.189.404, Fla. Stat., of the "Uniform Special District Accountability Act of 1989," stating, among other things, that a county may create an independent special district which shall be adopted by a charter in accordance with s. 154.331.
[2] Section 3.b., Hardee County Ordinance No. 93-03. And see, s.154.331(1), Fla. Stat., providing that the district health or mental health care board shall consist of not less than five members of which two members shall be appointed to the board by the Governor, and not less than three members shall be appointed by the governing body of the county.
[3] See, s. 11.a., Hardee County Ordinance 93-03. And see, s. 11(f) of the ordinance stating that "[e]xcept as set forth in paragraph a. of this Section, and subject to the restrictions hereinafter set forth, the District Board shall not purchase any medical services provided to indigent persons of Hardee County by any other hospitals, clinics or medical facilities."
[4] Cf., s. 189.404(3), Fla. Stat., establishing minimum standards for general laws creating or authorizing the creation of independent special districts, that must address and require in their charters, among others, the method for amending the charter of the district.
[5] See, s. 154.331(4), Fla. Stat., providing that the county governing body may by ordinance vote to dissolve the independent health or mental health care special district subject to the approval of the electorate, provided the county assumes the debts, liabilities, contracts, and outstanding obligations of the district within the total millage available to the county governing body for all county and municipal purposes as provided for under Art. VII, s. 9, Fla. Const.